UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                    **DECISION AND ORDER**
                                                                      07-CR-304S
MICHAEL J. CAGGIANO, et al.,                                          (2)(4)(6)(7)(8)(9)(12)

          Defendants.

In their Supplemental Joint Pretrial Memorandum, Defendants argue that Supreme Court rulings require that "state law RICO predicates involve all the conduct required of 'generic extortion' under the Hobbs Act," therefore the New York law predicate racketeering acts charged in the instant case have the same elements as those required by the Hobbs Act, except for the interstate commerce requirement. (Defs' Joint Supp Pretrial Mem at 1, Docket No. 429.) Defendants assert that, as a result, the New York RICO predicate extortion offenses must be read – and instructed to the jury – as containing the Enmons legitimate labor objective exception. (Id. at 6.) They therefore request that the jury not be "confuse[d]" with two sets of instructions on the core elements of "extortion." (Id. at 1.)

Racketeering activity includes, among other things, "any act or threat involving . . . . . . extortion . . . which is chargeable under State law and punishable by imprisonment for more than one year" as well as any act which is indictable under the Hobbs Act, 18 U.S.C. § 1951. See 18 U.S.C. § 1961(1). However, even where a defendant's alleged conduct would be "chargeable under State law and punishable by imprisonment for more than one year," 18 U.S.C. § 1961(1)(A), "it cannot qualify as a predicate offense for a RICO suit unless it is 'capable of being generically classified as extortionate,' " Wilkie v. Robbins,

1

551 U.S. 537, 567, 127 S. Ct. 2588, 168 L. Ed. 2d. 389 (2007) (quoting Scheidler v. Nat'l Org. for Women, Inc., 537 U.S. 393, 409, 123 S. Ct. 1057, 154 L Ed. 2d 991 (2003)). "[G]eneric extortion" as recognized by the Supreme Court, is defined as "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." Scheidler, 537 U.S. at 409.

The Hobbs Act similarly defines "extortion" as "the obtaining of property from another, with his consent, induced by *wrongful* use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2) (emphasis added). As has been discussed at length in this Court's prior decisions, the Supreme Court in United States v. Enmons concluded that the Hobbs Act "did not sweep within its reach violence during a strike to achieve legitimate collective-bargaining objectives." 410 U.S. 396, 404, 93 S. Ct. 1007, 35 L. Ed. 2d 379 (1973). Such conduct is therefore not "wrongful" within the meaning of the Hobbs Act. "Under Enmons, when the objective is wrongful (i.e., to obtain property to which one "has no lawful claim"), then the means (e.g., exploitation of fear) are also wrongful, but the converse is not necessarily true." Smithfield Foods, Inc. v. United Food & Commercial Workers Int'l Union, 585 F. Supp. 2d 789, 798 (E.D. Va. 2008) (citing Viacom Int'l, Inc. v. Icahn, 747 F. Supp. 205, 210 (S.D.N.Y.1990)).

Defendants rely on Wilkie for their conclusion that the Enmons legitimate labor objective exception applies to both Hobbs Act and New York state law RICO predicate extortion offenses. In Wilkie, however, the Supreme Court considered the scope of 'generic extortion:' "The Hobbs Act does not speak explicitly to efforts to obtain property for the Government rather than a private party, and that leaves defendants' contention to turn on the common law conception of 'extortion,' which we presume Congress meant to

2

incorporate when it passed the Hobbs Act in 1946." 551 U.S. at 563. The Court concluded that there was no liability under the common law crime of extortion where the U.S. Government was the intended beneficiary of the allegedly extortionate acts. Wilkie, 551 U.S. at 563. Accordingly, the state law predicate charge against the Government was also incapable of being " 'generically classified as extortionate.' " Id. at 567.

In contrast, the Supreme Court's determination in Enmons that Hobbs Act extortion does not impose liability when wrongful means, specifically violence, are used to achieve a legitimate labor objective was not based on an interpretation of 'generic' or common law extortion. Instead, the Court analyzed the "legislative framework" of the Hobbs Act in concluding that it did "not apply to the use of force to achieve legitimate labor ends." Enmons, 410 U.S. at 401; see Smithfield Foods, 585 F. Supp. 2d at 800. Based on that analysis, the Court narrowed the scope of extortionate acts for which a defendant could be found liable under that act. Thus, unlike Wilkie, Enmons does not modify or clarify the generic definition of extortion, and the application of the legitimate labor objective exception is therefore limited to Hobbs Act extortion charges. Smithfield Foods, 585 F. Supp. 2d at 800-1. Indeed, both the majority and the concurrence in Enmons recognized a reluctance to define federal crimes as coextensive with state crimes. See Enmons, 410 U.S. at 411, 412 (certain strike violence aimed at a legitimate end is not covered by the Hobbs Act, but instead "is subject to state criminal prosecution"); Smithfield Foods, 585 F. Supp. 2d at 800. This Court therefore agrees with those cases holding that to use Enmons "to legalize conduct made criminal under state law would turn Enmons upside down." Smithfield Foods, 585 F. Supp. 2d at 801 (quoting Herbert R. Northrup & Charles H. Steen, Union Corporate Campaigns As Blackmail: The RICO Battle at Bayou Steel, 22 Harv. J.L.

& Pub. Pol'y 771, 815 (1999)); but see United Broth. of Carpenters & Joiners of Am. v. Building and Const. Trades Dept., 911 F. Supp. 2d 1118, 1128-29 (E.D. Wash. 2012) (finding that the elements necessary to establish a RICO predicate act of extortion are the same under state law and the Hobbs Act).

Contrary to Defendants' further argument, Cintas Corp. v. Unite Here does not affect this conclusion. 601 F. Supp. 2d 571 (S.D.N.Y. 2009), aff'd, 355 Fed. App'x 508 (2009). In Cintas, the district court considered whether the defendants' use of the plaintiff's fear of economic loss to obtain a "card-check/neutrality agreement" violated the Hobbs Act. Id. at 577. "Generally, fear of economic loss *is not inherently wrongful*, except 'when employed to achieve a wrongful purpose.'" Id. (emphasis added) (quoting United States v. Clemente, 640 F.2d 1069, 1077 (2d Cir. 1981)). "And precisely because of this fact, the 'objective' of the party employing fear of economic loss will have a bearing on the lawfulness of its use." Clemente, 640 F.2d at 1076.

Thus, in Cintas, the district court considered the defendants' objective to determine whether their conduct was wrongful. The court concluded that, because the plaintiff received some benefit from the agreement sought, it was obtained as a result of lawful "hard-bargaining" rather than the wrongful use of the fear of economic loss. Cintas, 601 F. Supp. 2d at 577-8. In short, the court found that the *means* used by defendants – the fear of economic loss – was not wrongful. Thus, there is no reason to conclude that the district court's summary dismissal of the state law predicate extortion offenses, and the Second Circuit's affirmance of that decision, was based on anything other than the finding that defendants did not employ wrongful means. Cintas therefore does support the position that the Hobbs Act's dual requirements of both wrongful means *and* a wrongful objective

4

must be read into every state law extortion predicate offense, including those where the means utilized by the defendant are, in contrast with Cintas, inherently wrongful.

Finally, because New York Penal Law exempts from extortion liability only the threat to cause "a strike, boycott or other collective labor group action injurious to some person's business . . . when the property is demanded or received for the benefit of the group in whose interest the actor purports to act," § 155.05(2)(e)(vi), the alleged federal and state law RICO extortion predicate offenses are not identical. Defendants' request to charge the jury as such is therefore denied.

SO ORDERED.


Dated:   January 9, 2014
         Buffalo, New York

                                             /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             Chief Judge
                                             United States District Court

5