UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
    v.

MICHAEL J. CAGGIANO, et al.,

              Defendants.

**DECISION AND ORDER**
07-CR-304S
(2), (4), (6), (8), (9), (12)

As stated at today's status conference, this Court is denying the request to charge the jury with New York law's exception from extortion liability for certain union related conduct. N.Y. Penal Law § 155.05(e) provides, as relevant:

> A person obtains property by extortion when he compels or induces another person to deliver such property to himself or to a third person by means of instilling in him a fear that, if the property is not so delivered, the actor or another will:
>
> (i) Cause physical injury to some person in the future; or
>
> (ii) Cause damage to property; or
>
> (iii) Engage in other conduct constituting a crime; or
> . . .
>
> (vi) Cause a strike, boycott or other collective labor group action injurious to some person's business; except that such a threat shall not be deemed extortion when the property is demanded or received for the benefit of the group in whose interest the actor purports to act; . . .

The plain language of this statute provides an exception in connection with only the threat of "caus[ing] a strike, boycott or other collective labor group action." If the New York Legislature had intended for this exception to be applicable to the threat of physical injury or property damage, it could have so specified by including this exception in the relevant subsections or providing a general exception for legitimate union activity regardless of the means used to compel delivery of the property sought. See People v. Jackson, 87 N.Y.2d

782, 788, 665 N.E.2d 172 (1996)( "Where a statute describes the particular situations in which it is to apply and no qualifying exception is added, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (internal quotation marks omitted)).

Further, as this Court concluded in its August 10, 2011 Decision and Order:

> Nothing in [the reviewed New York law] sources suggests that, merely because a union's goal is to obtain new collective bargaining agreements with employers, the union's coercive conduct necessarily falls outside the reach of the extortion statute. Moreover, this Court has found no authority providing that actual or threatened violence or destruction by a union should be exempted from the application of the extortion provision. Rather, the plain language of section 155.05 generally prohibits obtaining property through threats of physical injury or property damage, without exception for threats made on behalf of unions.

United States v. Larson, 807 F. Supp. 2d 142, 162 (W.D.N.Y. 2011). Finally, although the Enmons Court stated in dicta that New York law exempted from extortion liability even "militant[] union activities to obtain higher wages," United States v. Enmons, 410 U.S. 396, 406 n. 16, 93 S. Ct. 1007, 35 L. Ed. 2d 379 (1973); Larson, 807 F. Supp. 2d at 162 n. 8, the cases on which the Court relied were all decided prior to the 1965 enactment of § 155.05. See People v. Adelstein, 9 A.D.2d 907, 908, 195 N.Y.S.2d 27, 28, *aff'd sub nom* People v. Squillante, 8 N.Y.2d 998, 169 N.E.2d 425 (1960); People v. Dioguardi, 8 N.Y.2d 260, 168 N.E.2d 683 (1960); People v. Cuddihy, 151 Misc. 318, 324, 271 N.Y.S. 450, 456, *aff'd*, 243 App.Div. 694, 277 N.Y.S. 960 (1935); People v. Weinseimer, 117 App.Div. 603, 616, 102 N.Y.S. 579, 588, *aff'd*, 190 N.Y. 537, 83 N.E. 1129 (1907).

SO ORDERED.

Dated: January 10, 2014
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court